Cliff W. Marcek, Esq.
Nevada Bar No. 5061
CLIFF W. MARCEK, P.C.
411 E. Bonneville, Ste. 390
Las Vegas, NV 89101
Telephone : (702) 366-7076
Facsimile : (702) 366-7078
Email      : cwmarcek@marceklaw.com

Attorney for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| KIRK BROOKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. _____ |
| | ) |
| METROPOLITAN LIFE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

## PRELIMINARY STATEMENT

Plaintiff Kirk Brooks, hereinafter referred to as "Plaintiff," brings

1.      This ERISA action against Metropolitan Life Insurance Company, in its capacity as Administrator of the Services Group of America Long Term Disability Plan, hereinafter referred to as "Defendant." Plaintiff brings this action to secure all disability benefits, whether they be described as short term, long term and/or waiver of premium claims to which Plaintiff is entitled under a disability insurance policy underwritten and administered by Defendant. Plaintiff is covered under the policy by virtue of his employment with Services Group of America.

Complaint 1

## PARTIES

2. Plaintiff is a citizen and resident of Boulder City, Nevada.

3. Defendant is a properly organized business entity doing business in the State of Nevada.

4. The disability Plan at issue in the case a bar was funded and administered by Defendant.

5. Defendant is a business entity doing business in the District of Nevada. Defendant may be served with process by serving its registered agent, C T Corporation System, 701 South Carson Street, Suite 200, Carson City, Nevada 89701.

## JURISDICTION AND VENUE

6. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1331, in that the claim arises under the laws of the United States of America. Specifically, Plaintiff brings this action to enforce his rights under section 502(a)(1)(B) of the Employee Retirement Income Security Act (ERISA), which provides "(a) civil action may be brought . . . (1) by a participant or by a beneficiary . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

7. Venue in the District of Nevada is proper by virtue of Defendant doing business in the District of Nevada. Under the ERISA statute, venue is proper "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. 1132(e)(2). Therefore, venue may also be proper under the third prong of ERISA's venue provision, specifically "where a defendant resides or may be found." (*Id.*) Here,

Complaint 2

Defendant is "found" within the District of Nevada, as it does business here, and the court has personal jurisdiction over Defendant, as it has sufficient ties to the United States.

**CONTRACTUAL AND FIDUCIARY RELATIONSHIP**

8. Plaintiff has been a covered beneficiary under a group disability benefits policy issued by Defendant at all times relevant to this action. Said policy became effective August 7, 2006.

9. The disability policy at issue was obtained by Plaintiff by virtue of Plaintiff's employment with Services Group of America at the time of Plaintiff's onset of disability.

10. Under the terms of the policy, Defendant administered the Plan and retained the sole authority to grant or deny benefits to applicants.

11. Defendant funds the Plan benefits.

12. Because the Defendant both funds the Plan benefits and retains the sole authority to grant or deny benefits, Defendant has an inherent conflict of interest.

13. Because of the conflict of interest described above, this Court should consider Defendant's decision to deny disability benefits as an important factor during its review in determining Defendant's abuse of discretion.

14. Further, in order for the Plan Administrator's decisions to be reviewed by this Court under an "arbitrary and capricious" standard, the Plan must properly give the Plan Administrator "discretion" to make said decisions within the plain language in the Plan.

15. Defendant has a fiduciary obligation to administer the Plan fairly and to furnish disability benefits according to the terms of the Plan.

/ / /

/ / /

Complaint 3

## ADMINISTRATIVE APPEAL

16. Plaintiff is a 50 year old man previously employed by Services Group of America as a "User Experience Specialist."

17. User Experience Specialist is classified under the Dictionary of Occupational Titles as Sedentary with an SVP of 7 and considered to be skilled work.

18. Due to Plaintiff's disabling conditions, Plaintiff ceased working on August 2, 2016, as on this date Plaintiff suffered from gastroenteritis; colitis; and low back pain.

19. Plaintiff alleges he became disabled on August 3, 2016.

20. Plaintiff filed for short term disability benefits with Defendant.

21. Short term disability benefits were granted.

22. Plaintiff filed for long term disability benefits through the plan administered by the Defendant.

23. On March 12, 2018, Defendant denied long term disability benefits under the Plan. Said letters allowed Plaintiff 180 days to appeal this decision.

24. At the time Defendant denied Plaintiff long term disability benefits, the disability standard in effect pursuant to the Plan was that Plaintiff must be considered unable to perform "Any Occupation."

25. If granted the Plan would pay monthly benefit of $3,381.04.

26. On January 17, 2019, Plaintiff pursued his administrative remedies set forth in the Plan by requesting administrative review of the denial of benefits.

27. Plaintiff timely pursued his administrative appeal pursuant to the Plan by sending letter requesting same to the Defendant.

28. Plaintiff submitted additional information including medical records to show that he is totally disabled from the performance of both his own and any other occupation as defined by the Plan.

29. Additionally, the Social Security Administration issued a fully favorable decision to Plaintiff's claim for disability benefits under Title II and Title XVI of the Social Security Act, finding that Plaintiff is "disabled" during the relevant time period. Notably, the SSA's definition of disability is significantly more restrictive than Defendant's as they require the claimant to be unable to work in "any occupation in the National Economy."

30. Defendant was provided documentation of the Social Security Administration's finding that Plaintiff was found to be totally disabled under Title II and Title XVI of the Social Security Act.

31. On or about July 26, 2018, Defendant's paid consultant, Kevin Kohan, DO, physical medicine and rehabilitation; and pain medicine, performed a peer review of Plaintiff's claim file.

32. On or about April 18, 2019, Defendant's paid consultant, Roger Kasendorf, DO, physical medicine and rehabilitation, and pain medicine, performed a paper review of Plaintiff's claim file.

33. On or about January 10, 2020, Defendant's paid consultant, Roger Belcourt, M.D., occupational medicine, performed a peer review of Plaintiff's claim file.

34. There is an indication that a Terri Dekarian, RN, LNC, reviewed Plaintiff's claim file, but Defendant failed to provide Plaintiff with said review.

35. There is an indication that a Mary W. Jordan, RN, nurse consultant disability, reviewed Plaintiff's claim file, but Defendant failed to provide Plaintiff with said review.

36. There is an indication that a Susan Sineni, CRC, LCPC, reviewed Plaintiff's claim file, but Defendant failed to provide Plaintiff with said review.

37. Defendant's consultants completed their reports without examining Plaintiff.

38. On January 30, 2020, Defendant notified Plaintiff that Defendant affirmed its original decision to deny Plaintiff's claim for long term disability benefits.

39. Defendant also notified Plaintiff on January 30, 2020 that Plaintiff had exhausted his administrative remedies.

40. Plaintiff filed a second appeal pursuant to the terms of the Plan on December 6, 2019, and again Plaintiff submitted additional information including medical records to show that he is totally disabled from the performance of both his own and any other occupation as defined by the Plan.

41. Defendant, in its final denial, discounted the opinions of Plaintiff's treating physicians, among others, and the documented limitations on his ability to engage in work activities.

42. Plaintiff has now exhausted his administrative remedies, and his claim is ripe for judicial review pursuant to 29 U.S.C. § 1132.

## MEDICAL FACTS

43. Plaintiff suffers from multiple medical conditions resulting in both exertional and non-exertional impairments.

44. Plaintiff suffers from pain; weakness and numbness of his extremities; migraine headaches; neck and low back pain with radiculopathy; multilevel mild cervical spondylosis centered at C5-6, C6-7, and C7-T1; lumbosacral spondylosis; lumbar somatic dysfunction; spinal

degenerative changes; degenerative arthrosis; thoracic sprain/strain; diffuse annular bulging; mild canal stenosis; disc herniations; peripheral neuropathy; hypertension; and gastroenteritis.

45. Treating physicians document chronic back pain, radicular symptoms, and well as decreased range of motion and weakness.

46. Plaintiff's multiple disorders have resulted in restrictions in activity, have severely limited Plaintiff's range of motion, and have significantly curtailed his ability to engage in any form of exertional activity.

47. Further, Plaintiff's physical impairments have resulted in chronic pain and discomfort.

48. Plaintiff's treating physicians document these symptoms. Plaintiff does not assert that he suffers from said symptoms based solely on his own subjective allegations.

49. Physicians have prescribed Plaintiff with multiple medications, including narcotic pain relievers, in an effort to address his multiple symptoms.

50. However, Plaintiff continues to suffer from breakthrough pain, discomfort, and limitations in functioning, as documented throughout the administrative record.

51. Plaintiff's documented medical conditions and pain are so severe that they impair his ability to maintain the pace, persistence and concentration required to maintain competitive employment on a full time basis, meaning an 8 hour day, day after day, week after week, month after month.

52. Plaintiff's medications cause additional side effects in the form of sedation and cognitive difficulties.

53. The aforementioned impairments and their symptoms preclude Plaintiff's performance of any work activities on a consistent basis.

54. As such, Plaintiff has been and remains disabled per the terms of the Plan and has sought disability benefits pursuant to said Plan.

55. However, after exhausting his administrative remedies, Defendant persists in denying Plaintiff his rightfully owed disability benefits.

## DEFENDANT'S CONFLICT OF INTEREST

56. At all relevant times, Defendant has been operating under an inherent and structural conflict of interest as Defendant is liable for benefit payments due to Plaintiff and each payment depletes Defendant's assets.

57. Defendant's determination was influenced by its conflict of interest.

58. Defendant has failed to take active steps to reduce potential bias and to promoted accuracy of its benefits determinations.

59. The long term disability Plan gave Defendant the right to have Plaintiff submit to a physical examination at the appeal level.

60. A physical examination, with a full file review, provides an evaluator with more information than a medical file review alone.

61. More information promotes accurate claims assessment.

62. Despite having the right to a physical examination, Defendant did not ask Plaintiff to submit to one.

## COUNT I:
## WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 U.S.C. § 1132

63. Plaintiff incorporates those allegations contained in paragraph 1 through 62 as though set forth at length herein.

64. Defendant has wrongfully denied disability benefits to Plaintiff in violation of Plan provisions and ERISA for the following reasons:

a. Plaintiff is totally disabled, in that he cannot perform the material duties of his own occupation, and he cannot perform the material duties of any other occupation which his medical condition, education, training, or experience would reasonably allow;

b. Defendant failed to afford proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled;

c. Defendant's interpretation of the definition of disability contained in the policy is contrary to the plain language of the policy, as it is unreasonable, arbitrary, and capricious; and

d. Defendant has violated its contractual obligation to furnish disability benefits to Plaintiff.

## COUNT II: ATTONREY FEES AND COSTS

65. Plaintiff repeats and realleges the allegations of paragraphs 1 through 64 above.

66. By reason of the Defendant's failure to pay Plaintiff benefits as due under the terms of the Plan, Plaintiff has been forced to retain attorneys to recover such benefits, for which Plaintiff has and will continue to incur attorney's fees. Plaintiff is entitled to recover reasonable attorney's fees and costs of this action, pursuant to Section 502(g)(1) of ERISA, 29 U.S.C § 1132(g)(1).

WHEREFORE, **Plaintiff demands judgment for the following:**

A. Grant Plaintiff relief, finding that he is entitled to all past due short term and long term disability benefits yet unpaid;

B. Order Defendant to pay past due short term and long term disability benefits retroactive to March 13, 2018 to the present in the monthly amount specified in the Plan and subject to such offsets as are permitted in the Plan, plus pre-judgment interest;

C. Order Defendant to remand claim for future administrative review and continue to make future long term disability benefits in the monthly amount specified in the Plan and subject to such offsets as are permitted in the Plan until such time as Defendant makes an adverse determination of long-term disability consistent with ERISA and Plaintiff's entitlements under the Plan;

D. Order Defendant to pay for the costs of this action and Plaintiff's attorney's fees, pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g); and

E. For such other relief as may be deemed just and proper by the Court.

Dated: November 23, 2020

Respectfully submitted,

CLIFF W. MARCEK, P.C.

By: _____
Cliff W. Marcek, Esq.
Nevada Bar No. 5061
CLIFF W. MARCEK, P.C.
411 E. Bonneville, Ste. 390
Las Vegas, NV 89101
Telephone: (702) 366-7076
Facsimile: (702) 366-7078
Email: cwmarcek@marceklaw.com

Attorney for Plaintiff
KIRK BROOKS

Complaint 10